(No. 20600.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE SCHNEIDER, JR., *et al.* Plaintiffs in Error.

*Opinion filed October 23, 1931.*

MARTIN M. WARD, and DAVID R. JOSLYN, JR., for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES W. HADLEY, S. S. DUHAMEL, and J. J. NEIGER, (CHARLES P. BARNES, of counsel,) for the People.

Mr. COMMISSIONER EDMUNDS reported this opinion:

The grand jury of McHenry county returned an indictment against George Schneider, Jr., Michael Schneider and Henry Sohst, charging them with conspiracy to violate the Illinois Prohibition act. Motions to quash the indictment and for a bill of particulars were overruled. A jury trial was had in the circuit court of McHenry county and the jury returned separate verdicts as to each of the defendants, finding them guilty of a conspiracy in manner and form as charged in the indictment. The court sentenced George Schneider, Jr., to imprisonment at the Illinois State farm for a period of twelve months and to pay a fine of $2000, and imposed upon Michael Schneider and Sohst sentences of imprisonment at the State farm for a period of twelve months and fines of $1000. The Appellate Court for the Second District affirmed the judgment, and by writ of error the defendants have brought the record to this court for review.

The indictment under which the conviction of plaintiffs in error was had contained two counts. After naming plaintiffs in error the first count alleged that "each of said defendants, then and there not having first secured a permit from the government of the United States of America or its duly authorized officer thereof, or from the Attorney General of the State of Illinois, or from the commissioner of prohibition of the State of Illinois, and being then and there not a duly authorized and *bona fide* registered pharmacist, local registered pharmacist, registered assistant pharmacist, druggist, physician, dentist, chemist, veterinary surgeon, person conducting a *bona fide* hospital or sanitarium engaged in the treatment of persons suffering from alcoholism or other diseases or ailments, persons conducting a *bona fide* laboratory for scientific research or for scientific purposes, minister of the gospel, priest, rabbi, officer duly authorized by any church, congregation, conference, diocese or ecclesiastical jurisdiction for the purpose of sell-

ing, purchasing, manufacturing, transporting or disposing of sacramental wines, and with unlawful intent then and there to violate the Illinois Prohibition act, unlawfully, willfully, knowingly, fraudulently and deceitfully did conspire, combine, confederate and agree together, with each other and with divers other persons whose names are to the said grand jurors unknown, with the fraudulent and malicious intent unlawfully, wrongfully and wickedly to then and there do illegal acts injurious to the administration of public justice and injurious to the public police and public morals, good order and welfare, that is to say, then and there unlawfully, willfully and knowingly to commit an offense against the People of the State of Illinois, that is to say, the offense of unlawfully, willfully and knowingly manufacturing, selling, bartering, transporting, delivering, possessing and furnishing in McHenry county aforesaid, in violation of the Illinois Prohibition act, for beverage purposes, large quantities of intoxicating liquor, to-wit, whiskey, wine, beer and distilled spirits, all of which should then and there be fit for use for beverage purposes and all of which should contain one-half of one percentum, and more, of alcohol by volume, being then and there not any of the articles or preparations enumerated in paragraphs (a), (b), (c), (d), (e) and (f) of section four (4) of said Illinois Prohibition act, said manufacturing, selling, bartering, transporting, delivering, possessing and furnishing of intoxicating liquor, as aforesaid, being then and there unlawful and prohibited, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois." The second count was similar in form and content, except that instead of charging conspiracy to commit the offense of "manufacturing, selling, bartering, transporting, delivering, possessing and furnishing" intoxicating liquor, it charged conspiracy to "unlawfully, willfully and knowingly keep, operate and maintain a common nuisance by

manufacturing, selling, bartering, transporting, delivering, possessing and furnishing in a certain house, building, structure and place in the said county of McHenry, in the State of Illinois aforesaid, in violation of the Illinois Prohibition act, for beverage purposes," intoxicating liquor.

The first contention of plaintiffs in error is that the trial court erred in overruling their motion to quash the indictment. In support of this contention they argue at great length that it is impossible to say whether the indictment alleges a conspiracy under section 46 of the Criminal Code, (Cahill's Stat. 1929, chap. 38, par. 116,) or a conspiracy under "An act to define and punish conspiracies in the State of Illinois;" (Cahill's Stat. 1929, chap. 38, par. 117;) that the indictment "contains no facts or descriptive acts showing the circumstances under which the supposed conspiracy to violate the Illinois Prohibition act was intended to be carried out," and that, assuming the indictment was intended to charge conspiracy under section 46 of the Criminal Code, its allegations are not sufficient to show the commission by plaintiffs in error of any offense thereunder. We are not impressed by the argument that it is impossible to say whether the indictment alleges a conspiracy under section 46 or the other statute cited, and that therefore it should have been quashed. Section 46 provides: "If any two or more persons conspire or agree together * * * to do any illegal act injurious to the public trade, health, morals, police, or administration of public justice * * * they shall be deemed guilty of a conspiracy." The other statute contains no such provision. It does, on the other hand, contain a provision specifying as an element of the crime that one or more of the parties charged do an act to effect the object of the conspiracy. Under section 46 the crime of conspiracy is complete without such act. Section 46 is not in any way modified or repealed by the other statute. (*Ochs* v. *People*, 124 Ill. 399.) It is not necessary, in an indictment un-

der a public statute, to recite it or specifically refer to it. (*Commonwealth* v. *Hoye,* 11 Gray, 462.) Having in mind these considerations, an inspection of the indictment shows the argument of plaintiffs in error to be without foundation. *Ochs* v. *People, supra.*

In *People* v. *Poindexter,* 243 Ill. 68, it was pointed out that section 46 is directed against conspiracies of different kinds. One kind is a conspiracy to commit a felony of any kind. Another kind is a conspiracy to do an illegal act injurious to the public health, morals, police or the administration of public justice, and such a conspiracy is punishable under this section only when the illegal act is of such a character that it appears to be injurious to the public trade, health, morals, police or the administration of public justice. It is with the latter kind of conspiracy that the present case deals. Therefore, not only must there be alleged in the indictment sufficient to show that the act which is the object of the conspiracy is illegal, but there must also be sufficient to show that the illegal act is injurious in some one or more of the respects indicated by the statute.

By the statutes of this State, to manufacture, sell, barter, transport, deliver, furnish or possess intoxicating liquor is, with certain defined exceptions, an unlawful act, and it is likewise an unlawful act to maintain a place where intoxicating liquor is manufactured, sold, kept or bartered. (Cahill's Stat. 1929, chap. 43, par. 1, *et seq.*) The offense charged in the counts of the present indictment clearly being conspiracy to do these acts, from the standpoint of showing the proposed act to be illegal the indictment is sufficient and further allegation is unnecessary. It has long been settled that where the act to be accomplished by the conspiracy is illegal there is no necessity for setting out in the indictment the means by which it was intended to be accomplished. (*Smith* v. *People,* 25 Ill. 9; *Thomas* v. *People,* 113 id. 531.) The gist of the matter was clearly

expressed in *People* v. *Blumenberg,* 271 Ill. 180, where it was said: "The essence of the offense is not the accomplishment of the unlawful object, but it is the unlawful combination or agreement to accomplish the criminal or unlawful purpose. It is unnecessary to prove any overt act toward the accomplishment of the unlawful purpose. The offense is complete when the agreement is made although no act is done toward carrying it into effect. The means to be employed to accomplish the unlawful purpose may never have been disclosed or may never have been agreed upon, so that they could not be stated, and yet the offense would be complete and might be proved by overt acts or other circumstances."

Is the indictment sufficient in the sense that it charges a conspiracy to do illegal acts which are injurious to the administration of public justice and injurious to the public police and public morals, as alleged? The manufacture, sale or transportation of intoxicating liquors for beverage purposes has been prohibited by the fundamental law of the United States. (Const. of U. S. amendment 18.) In *Mugler* v. *Kansas,* 123 U. S. 623, the Supreme Court of the United States said: "We cannot shut out of view the fact, within the knowledge of all, that the public health, the public morals and the public safety may be endangered by the general use of intoxicating drinks, nor the fact, established by statistics accessible to every one, that the idleness, disorder, pauperism and crime existing in the country are, in some degree at least, traceable to this evil." This court said in *Dennehy* v. *City of Chicago,* 120 Ill. 627: "Police regulations prohibiting sales of liquors are sustained upon the ground that they are established for the prevention of intemperance, pauperism and crime and for the abatement of nuisances." It is not necessary to supplement these expressions by quoting from the wealth of judicial pronouncements which have been made in dealing with laws that circumscribe the liquor traffic. That a conspiracy to violate

such laws is injurious to the administration of public justice and to the police and public morals cannot be doubted. It clearly appears from the allegations of the present indictment that the conspiracy charged was directed toward that end.

Plaintiffs in error state in their argument: "We do not contend that in an indictment for conspiracy that the offense must be described with the particularity required in an indictment for the offense itself. This we want clearly understood." Elsewhere, however, they lay great stress upon the rule that in criminal pleading the highest degree of certainty is always required, and argue, in effect, that the present indictment is bad because it charges a conspiracy to manufacture, sell, barter, transport, deliver, possess and furnish, rather than a conspiracy to do some one of these things, only. We said in *People* v. *Darr,* 262 Ill. 202: "The charge in the case before us is one of conspiracy, and the allegations in respect to the means to be used and the acts that were done in furtherance of such conspiracy are only material for the purpose of showing the general character of the unlawful enterprise." Here, as throughout a large part of their argument, plaintiffs in error apparently lose sight of the fact that the offense charged against them is not violation of the Illinois Prohibition act by manufacturing, selling, bartering, etc., intoxicating liquor, but the act of combining and conspiring to accomplish an unlawful object. If the object as stated can be seen to be unlawful and injurious to the administration of public justice and to the public police and public morals, the fact that its consummation would require the performance of several acts as distinguished from one act is of no consequence. As a matter of fact, the object of the conspiracy here may well have been to traffic in intoxicating liquors in each and all of the ways mentioned in the indictment. There is no reason to assume otherwise, much less to lay down a rule that would, under such circumstances,

purport to make it impossible for the People to draw an indictment that would portray the full scope of the unlawful object.

Plaintiffs in error further contend that error was committed in overruling their motion for a bill of particulars. The rule is that a bill of particulars in a criminal case is not necessary where the indictment informs the defendant of the crime with which he is charged, sufficiently to enable him to prepare his defense. Whether the prosecution shall be required to furnish a bill of particulars in a given case rests in the discretion of the trial court, and only where it is clear that there has been an abuse of that discretion will the denial of a motion for such a bill be held to be erroneous and prejudicial. (*People* v. *Petrilli,* 344 Ill. 416.) What we have already said in disposing of the contention that the indictment should have been quashed indicates that it sufficiently charged a conspiracy under section 46. If, after consideration of the principles hereinabove set forth, there remains any doubt as to their being decisive, by way of answer to the contention that the motion for a bill of particulars should have been allowed, such doubt will be dispelled by consideration of further authorities concerned with the crime which is here involved. Speaking with reference to a conspiracy charged under section 46 this court said in *People* v. *Glassberg,* 326 Ill. 379: "The statute punishes the act of conspiring to do certain wrongful acts without regard to where such wrongful acts are to be committed. * * * The offense is complete when the unlawful agreement is made between the defendants to do illegal acts without regard to whether or not any of the illegal acts are ever committed. * * * As the essence of the offense charged in this case is the unlawful combination or agreement to accomplish the criminal or illegal act, it is unnecessary to prove any overt act toward the accomplishment of the unlawful purpose. This court has therefore often held that an indictment is suffi-

cient which charges the offense in the language of the statute, and it is not necessary to allege the means by which the unlawful act is to be accomplished, as a conspiracy to do an unlawful act by any means is an indictable offense. * * * Neither was it necessary that the object of the conspiracy constitutes an offense against the criminal law for which an individual might be indicted and convicted. It is sufficient if the object of the conspiracy is charged to be any illegal act which by reason of the combination has a harmful effect upon society and the public." In *People* v. *Lloyd,* 304 Ill. 23, we said: "We have held that the statute clearly defines the offense, and where that is true and the indictment charges the offense substantially in the language of the statute the indictment is sufficient. To hold that the indictment does not state a public offense would be to say that the statute defines none. The language of the statute and of the indictment being substantially the same, the latter must be understood in the same sense as the former. The offense with which plaintiffs in error are charged is stated plainly enough to be readily understood by the jury, and plaintiffs in error were sufficiently informed to properly prepare their defense. This is all the law requires." (See, also, *People* v. *Donaldson,* 341 Ill. 369; *People* v. *Drury,* 335 id. 539; *People* v. *Simmons,* 334 id. 524; *People* v. *Quesse,* 310 id. 467; *People* v. *Robertson,* 284 id. 620; *People* v. *Nall,* 242 id. 284; *People* v. *Smith,* 239 id. 91; *Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 id. 421; *Gallagher* v. *People,* 211 id. 158; *Cole* v. *People,* 84 id. 216.) The principles thus stated are decisive of the contention made.

Plaintiffs in error insist, however, that the indictment is not in the language of the statute because it contains the words "good order and welfare," which are not in the statute, and that consequently the principles stated can not be held applicable here. The same point was made in *Tedford* v. *People,* 219 Ill. 23, where the prosecution was

also under section 46. The court said: "While the offense is not charged in the exact language of the statute creating the offense, it is substantially so charged," and this was held sufficient. The words referred to are, at most, surplusage. The offense is charged substantially in the language of the statute, and that is sufficient.

Plaintiffs in error contend, lastly, that the court erred in instructing the jury as to the penalty. The several forms given the jury to use in the event they found defendants guilty (1) fixed the punishment at imprisonment in the State penitentiary and also a fine; (2) fixed the punishment at imprisonment in the State penitentiary; (3) found the defendants guilty without any punishment being fixed. The argument is that these forms contained punishments for violating section 46, only, and made no reference to the "act to define and punish conspiracies in the State of Illinois;" that under the latter statute there was no power to imprison and fine unless the sentence was to imprisonment in the penitentiary, and that the jury should have been told that they had a right to fix the punishment at imprisonment in the county jail in the event they found defendants guilty. As already pointed out, the prosecution in this case was under section 46, and the instructions as to verdict were properly based upon its provisions.

The further argument made by plaintiffs in error may be disposed of by reference to the following statutory provision: "When the punishment may be either by imprisonment in the penitentiary, or by confinement in the county jail, with or without fine, if the jury will not inflict the punishment of imprisonment in the penitentiary, they shall simply find the accused guilty, and the court shall fix the time of confinement in the jail, or fine, or both, as the case may require." (Cahill's Stat. 1929, chap. 38, par. 781.) The penalty prescribed for violation of section 46 consisted of imprisonment either in the penitentiary or the county jail, with or without fine. Such being the case, the court

properly refused to instruct the jury that if they found plaintiffs in error guilty they might fix their punishment at imprisonment in the county jail.

The judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*