The People of the State of Illinois, Defendant in Error, v. Lester Tilton and Harry de Joannis, Plaintiffs in Error.

Gen. No. 36,974.

Opinion filed December 11, 1933.

LOUIS GREENBERG, for plaintiffs in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, GRENVILLE BEARDSLEY and J. ALBERT WOLL, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendants, having been found by a jury guilty of conspiracy, were sentenced to the penitentiary and

fined $2,000; defendants went to trial upon the third and fourth counts of the indictment, which charged in substance a conspiracy to do certain unlawful acts, namely, the practice of medicine without a license; the other counts were *nolle prossed*. The evidence has not been preserved by a bill of exceptions and is not before us.

The third count charged the defendants with a conspiracy to encourage and assist Lester Tilton to hold himself out to the public as engaged in the diagnosis and treatment of the ailments of human beings, and particularly in the diagnosis and treatment of cancer, and in professing to heal and prescribe for cancer, and to maintain an office in Chicago, Illinois, for the examination and treatment of persons afflicted by cancer, and to attach to the name Lester Tilton the titles "Doctor" and "Physician" and the title and abbreviation "M. D." indicative that Tilton was engaged in the treatment of human ailments as a business. Each of these acts is expressly forbidden and made by statute a criminal offense. Ch. 91, ¶ 25, Illinois Statutes 1933 (Cahill).

It was first urged as ground for reversal that the third count is void in that it charges a common law conspiracy and enumerates certain acts which it is alleged the defendants conspired to commit, which acts are made a criminal offense by the Medical Practice Act, enacted in 1923 (Ch. 91, ¶ 25, Cahill), and therefore a conspiracy to do any of the acts made unlawful by the statute would not be a common law conspiracy. *Town of Paris v. People,* 27 Ill. 74, is cited, but in that case the defendants were charged with violating a statute when in fact there was no statute covering the acts set forth in the indictment.

We do not agree with the contention that the unlawful act must be an act that was regarded as unlawful at common law, and that a conspiracy to commit an

act made unlawful by statute is a conspiracy against the statute and the indictment should conclude against the statute. *Smith v. People,* 25 Ill. 17; *Chicago, W. & V. Coal Co. v. People,* 214 Ill. 421, and *People v. Curran,* 286 Ill. 302, hold that a common law conspiracy contemplated any unlawful act, whether unlawful at common law or later made so by statute. If an act is made unlawful by statute, a conspiracy to commit that act would be a conspiracy to do an unlawful act, which would be a common law offense.

In *State v. Bienstock,* 78 N. J. L. 256, the indictment charged a common law conspiracy to tamper with ballots cast at a primary election; it was argued that as a primary election was not known at common law, a conspiracy to commit fraud at such an election could not be a common law offense. The court held against this contention, saying that the object of the conspiracy was unlawful and therefore it was not important whether the things charged were unlawful at common law or by statute, and that even if the primary was unknown to the common law, that fact could not be made the basis for an argument that a conspiracy to commit fraud is not indictable at common law. "Rights are protected by the principles of the common law and their infringement by a conspiracy is punishable by the criminal law."

The fourth count alleges that Tilton did not possess a license issued by the State to practice the treatment of human ailments, and that defendants held Tilton out to the public as engaged in the treatment of human ailments, particularly cancer; that he maintained an office for the treatment of persons so afflicted and used the titles of "Doctor," "Physician" and "M. D." attached to his name. The Medical Practice Act forbids any person to practice medicine or any system of treating human ailments without a license. The acts enumerated in count four of the indictment are for-

bidden by this act. The purpose of the act, as expressed in its title is, "for the better protection of the public health." That this is the purpose has been restated in *People v. Walsh*, 346 Ill. 52, and *People v. Witte*, 315 Ill. 282. It follows, therefore, that the doing of any act made illegal by this statute would be an act injurious to the public health.

It is urged that this count is void as charging a conspiracy to do illegal acts injurious to the public health, and that as cancer is not a communicable disease a conspiracy to treat the same is not a conspiracy to injure the public health. The same argument could be made concerning the treatment of broken bones, injuries, heart and nervous troubles and many like diseases that are not communicable. The statute forbids anyone without a license to offer to the public treatment of any human ailment, whether communicable or not.

The possession of a license to practice medicine is evidence that the possessor has made careful preparation to practice medicine. The public is unable to judge of this preparation or whether the physician is qualified. Reliance must be placed upon the assurance given by the doctor's license that he possesses the requisite qualifications, and, as was said in *People v. Walsh, supra,* "Due consideration, therefore, for the protection of society may well induce the State to exclude from practicing the treatment of human ailments those who have not such a license or who are found upon examination not to be fully qualified."

We cannot accept the statement of defendants' counsel that the Medical Practice Act authorized defendants to practice without a license in attempting to cure an incurable disease. Such a construction would leave open a wide door for fraud of the most detestable kind.

The forms of verdict submitted to the jury are criticized. It is sufficient to say that these exact forms were given and the same criticism made in *People v. Schneider*, 345 Ill. 410, where the forms were held to be proper.

We see no convincing reason to reverse, and the judgment is therefore affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.