(No. 36115.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* PETER BEEFTINK *et al.,* Defendants in Error.

*Opinion filed January 20, 1961.*

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and HAROLD A. SMITH, JOSEPH H. HINSHAW, BARNABAS F. SEARS, and CHARLES M. RUSH, Assistant State's Attorneys, of counsel,) for the People.

EDWARD J. EGAN, CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, all of Chicago, (SHERMAN C. MAGIDSON, of counsel,) for defendants in error.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The People of the State of Illinois have sued out a writ of error directed to the criminal court of Cook County to reverse an order of said court quashing four counts of an 18-count indictment and to remand the case for further proceedings pursuant to the indictment.

Ten defendants were indicted for the crimes of conspiracy to commit burglary and conspiracy to receive stolen property. The trial court quashed counts 1, 9, 10 and 18 of the indictment and denied motions to quash all other counts. After the trial court refused to vacate such order quashing the four counts, the People moved for a *nolle*

*prosequi* of the 14 remaining counts, which was granted, and sued out the present writ of error.

Defendants attacked the counts in question as being vague, indefinite and uncertain and insufficient to apprise the defendants of the nature and cause of the accusation, and not specific enough for a plea of former jeopardy, all in violation of the defendants' rights under section 2, 9, and 10 of article II of the constitution of 1870 and the fourteenth amendment to the constitution of the United States. Thus a construction of the constitution is involved, and this court has jurisdiction directly (Ill. Rev. Stat. 1959, chap. 110, par. 75; *People* v. *Watkins,* 19 Ill.2d 11,) even though the indictment charges the defendants with a misdemeanor.

The People's theory of the case is that the counts of the indictment quashed are valid and will support a conviction because they charge the crime of conspiracy to commit a felony in the language of the statute; they state the charge plainly enough to be readily understood by the court and jury; that they are sufficiently specific to permit the defendents to prepare their defenses; and because they describe the felony to be committed with an exactness which apprises defendants of the charge they are to meet.

The first count of the indictment charges that the defendants, Beeftink, Brinn, Clements, Faraci, Groark, Mulea, Alex Karrass and Sol Karrass, were duly appointed, qualified and acting police officers in and for the city of Chicago, County of Cook, and State of Illinois, and that on or about October 1, 1958, they, with one Morrison and one Wilde "did unlawfully, feloniously, wilfully, fraudulently, and deceitfully conspire, combine, confederate and agree together and with each other with the fraudulent and malicious intent, unlawfully, wrongfully, wickedly, and deceitfully to commit a felony, to-wit: Burglary, to-wit: to feloniously, burglariously, wilfully, maliciously and forcibly break and enter into certain buildings then and there situate with the

intent then and there feloniously and burglariously to steal, take and carry away the personal goods, chattels, money and property of divers persons contained in said building, contrary to the statute, and against the peace and dignity of the same People" etc.

Counts 2 through 8 charged the same defendants, in substantially the same language, with a conspiracy to commit a felony, to-wit, burglary, and further charged a specific felonious and burglarious breaking and entering into a specifically identified building with the necessary specific intent to feloniously steal, take and carry away personal goods, etc., all pursuant to such conspiracy and to effect the object thereof.

Count 9 is, in effect, a consolidation of counts 1 through 8 in that it charges each of the defendants on the specified date, in Cook County, in substantially the same language, with conspiring and agreeing with each other to commit a felony, to-wit, burglary, and that pursuant to said conspiracy and to effect the object thereof, they did do the following acts, and then recited the seven specific acts of alleged burglary referred to in counts 2 through 8.

Count 10 of the indictment charges that the same defendants, on or about the same date and in the same county, "did unlawfully, feloniously, wilfully, fraudulently and deceitfully conspire, combine, confederate and agree together and with each other, and with divers other persons whose names are unknown to the said Grand Jurors, with the fraudulent and malicious intent unlawfully, wrongfully, wickedly and deceitfully to commit a felony, to-wit: for their own gain and for the gain of each of them, and for the gain of each other, and to prevent the rightful owners from again possessing their goods and property, to buy, receive and aid in concealing stolen goods and property of and belonging to divers persons and corporations from whose rightful possession and ownership said goods and property were obtained by larceny and burglary, each of

them well knowing the same to have been so obtained; contrary to the Statute" etc.

Counts 11 through 17 charge each of the same defendants, at the same time and place as aforesaid, in substantially the same language, with conspiracy with each other to commit a felony, to-wit, "receiving of stolen property," and in each of said counts specifies stolen goods and property of and belonging to a specifically named person or corporation obtained by larceny and burglary, the defendants allegedly knowing the same to have been so obtained.

Count 18 following the same pattern as count 9, charges the same defendants with conspiracy to commit a felony in substantially the same language as count 9, and then alleges that, pursuant to said conspiracy and to effect the object thereof, they did do the following acts, and specifies the receipt of stolen property of each of the persons or corporations detailed in counts 11 through 17.

Section 10 of article II of the constitution of 1870 provides, in pertinent part, as follows: "No person shall * * * be twice put in jeopardy for the same offense." Section 9 of article II provides in pertainent part: "In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation and to have a copy thereof, * * *."

This court has construed the constitutional nouns "nature" and "cause" to mean: "such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense." (*People v. Peters*, 10 Ill.2d 577; *People v. Braun*, 375 Ill. 284.) Thus, a failure to furnish any defendant with the nature and cause of his accusation in a criminal prosecution is to deny such defendant his constitutional right of due process and his constitutional protection against double jeopardy.

Since 1827 the Illinois statutes have provided in pertinent part (Ill. Rev. Ctat. 1959, chap. 38, par. 716) as

follows: "Every indictment of accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

Do the counts of the indictment in question designate the offense of conspiracy charged against each of the defendants with sufficient specificity as to enable such defendants to prepare their defense and to plead any judgment in bar of a subsequent prosecution for the same offense? If they do not, the counts are bad and the motion to quash was properly allowed.

In *People* v. *Braun,* 375 Ill. 284, multiple defendants were convicted of conspiracy to extort from and to defraud motorists of large sums of money by causing wrongful arrests for and false charges of motor vehicle offenses in the village of Dixmoor. Among other grounds for reversal it was urged that the indictment lacked certainty and that the means for consummating the consiparacy were not alleged. In affirming the conviction, we stated as follows, beginning at page 286: "The gist of the crime of conspiracy is the unlawful agreement to accomplish an unlawful purpose or an agreement to perform a lawful act in an unlawful way. (*Williamson* v. *United States,* 207 U.S. 425; *People* v. *Drury,* 335 Ill. 539.) Thus, it is not necessary that the indictment contain allegations as to the means by which the act or object of the conspiracy is to be accomplished. (*People* v. *Schneider,* 345 Ill. 410; *People* v. *Blumenberg,* 271 id. 180; *Johnson* v. *People,* 22 id. 314.) If an indictment notifies the defendant of the nature and cause of the accusation so as to enable him to prepare his defense it is sufficient. (*People* v. *Moore,* 368 Ill. 455; *People* v. *Waitches,* id. 302.) The indictment, here, clearly charges an unlawful agreement, the essence of the crime, and sets out facts upon which the agreement is predicated. It adequately informed the defendants of the crime charged and

is certain enough to protect them from further prosecution for the same offense. Plaintiffs in error also contend the object of the conspiracy is not stated with the requisite certainty. The crime of conspiracy is complete on the coming into being of the unlawful agreement and the object need only be stated with certainty to a common intent. (*People* v. *Waitches, supra.*) The object stated in the indictment is 'to extort and defraud' and is named with sufficient certainty."

In the instant case, conspiracy to commit burglary is the substance of the charge in counts 1 and 9. Burglary is defined by the Illinois statutes in substance as follows (Ill. Rev. Stat. 1959, chap. 38, par. 84) : "Whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force * * * enters into any dwelling-house, * * * or other building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny shall be deemed guilty of burglary." The Illinois Criminal Code further defines larceny (Ill. Rev. Stat. 1959, chap. 38, par. 387) as follows: "Larceny is the felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another."

In the instant case, it is to be observed that count 1, in substance, alleges an unlawful conspiracy to commit a felony, to-wit, burglary, and then proceeds to make the allegations of burglary in the language of the statute pertaining to burglary and larceny. The count does not identify the buildings specifically which the defendants were charged with conspiring to burglarize other than that they were situated in the county of Cook, nor does it allege the ownership of the buildings or the names of the owners of the alleged personal property to be burglarized.

In *People* v. *Schneider*, 345 Ill. 410, certain parties were indicted for conspiracy to violate the Illinois Prohibition Act. The indictment charged the conspiracy in the language of the statute alleging the place of the alleged unlawful acts

which the defendants conspired to perform to be in McHenry County and did not allege any specific persons to whom the unlawful sale of intoxicating liquors was to be made. In sustaining the indictment, this court said at page 414: "By the statutes of this State, to manufacture, sell, barter, transport, deliver, furnish or possess intoxicating liquor is, with certain defined exceptions, an unlawful act, and it is likewise an unlawful act to maintain a place where intoxicating liquor is manufactured, sold, kept or bartered. (Cahill's Stat. 1929, chap. 43, par. 1 *et seq.*) The offense charged in the counts of the present indictment clearly being conspiracy to do these acts, from the standpoint of showing the proposed act to be illegal the indictment is sufficient and further allegation is unnecessary. It has long been settled that where the act to be accomplished by the conspiracy is illegal there is no necessity for setting out in the indictment the means by which it was intended to be accomplished. (*Smith* v. *People,* 25 Ill. 9; *Thomas* v. *People,* 113 id. 531.)"

In *People* v. *Drury,* 335 Ill. 539, an indictment charging conspiracy to obtain property by false pretenses was involved. It was there observed that the essence of a conspiracy is not the accomplishment of the unlawful object but it is the unlawful combination or agreement to accomplish the criminal or unlawful purpose, and the conspiracy is complete when the unlawful combination or agreement is made, regardless of any subsequent interruption of the efforts to carry out the object of the conspiracy. It is not necessary to prove any overt acts towards the accomplishment of the unlawful purpose, nor is it necessary to prove that the conspirators agreed, in terms, to pursue the common design.

In *People* v. *Lloyd,* 304 Ill. 23, the indictment was for conspiracy to violate statutes of the State of Illinois by advocating the overthrow by violence of the representative form of government. In sustaining the sufficiency of the

indictment, we said at page 43: "Some of the language used in this indictment and in the statute on which it is based may not be grammatically exact, but such exactness is not required. (*People* v. *Blumenberg, supra.*) We have held that the statute clearly defines the offense, and where that is true and the indictment charges the offense substantially in the language of the statute, the indictment is sufficient. To hold that the indictment does not state a public offense would be to say that the statute defines none. The language of the statute and of the indictment being substantially the same, the latter must be understood in the same sense as the former. (*People* v. *Malley,* (Cal.) 194 Pac. 48.) The offense with which plaintiffs in error are charged is stated plainly enough to be readily understood by the jury, and plaintiffs in error were sufficiently informed to properly prepare their defense. This is all the law requires. (*People* v. *Robertson,* 284 Ill. 620; *People* v. *Krause,* 291 id. 64; *State* v. *Hennessy, supra.*) In an indictment for a conspiracy to commit to felony it is only necessary to designate the felony intended to be committed by such description as will apprise the defendants of the exact charge upon which they will be tried, and it is not required that the felony be described with the same accuracy as would be required in an indictment for the felony itself. (*People* v. *Warfield,* 261 Ill. 293.)"

In *People* v. *Robertson,* 284 Ill. 620, various defendants were indicted for conspiracy to violate an Illinois Act concerning the manufacture, transportation, use and sale of explosives. It was alleged that the court erred in failing to quash the indictment for the reason that the name of the owner of the property which the defendants intended to destroy was not alleged in the indictment. In sustaining the indictment we noted that the intent charged in the indictment was to use the explosives, and that the same should be used, for the unlawful injury to and the unlawful destruction of life and property, that the charge was in the language

of the statute, and that an indictment setting forth an offense in the terms and language of the statute creating the offense, or so it may be easily understood by the jury, is sufficient. We also noted that an offense affecting life or property may be private in its nature and the person or the owner of property be so affected by the crime that his name becomes material to a statement of the offense and is an essential element of the charge, but the manifest purpose of the statute (the Explosives Act) was the protection of property generally, and the name or names of the owner or owners of the property destroyed or intended to be destroyed was not an essential element of the crime and that it was not necessary to so state the name or names of the owner or owners of the property intended to be destroyed.

A rather extensive consideration of the elements involved in the charge of conspiracy is contained in the case of *People* v. *Blumenberg*, 271 Ill. 180. The principles set forth in the cases heretofore mentioned are discussed and it would unduly prolong this opinion to report them here. It is observed in that opinion that the offense of conspiracy is complete when the agreement is made, even though no act is done to carry it into effect; and the means to be employed to accomplish the unlawful purpose may never have been disclosed or may never have been agreed upon, so that they could not be stated, and yet the offense would be complete and might be proved by overt acts or other circumstances.

In our opinion, the counts quashed by the court below were sufficient to comply with the principles previously set forth and each charged the defendants with a conspiracy to commit a crime, burglary or the receiving of stolen property. The indictment uses the language of the statute in charging the crime which the defendants conspired to commit. The offense of conspiracy was complete at the time they agreed to commit an act of burglary or to receive stolen property, even though it may not have been deter-

mined at that time which specific act of burglary was to be committed or what stolen property was to be received. The allegations in the various counts of the indictment charging specific acts of burglary or receiving stolen property, pursuant to the conspiracy, were not necessary to a sufficient charge of the offense and merely charged overt acts which are not necessary in Illinois to the crime of conspiracy, although they would be properly admissible in evidence in making proof of the alleged crime. Each of the counts in question, beyond any doubt, advise each of the defendants of the nature of the charges against them which they must prepare to defend. The charge is not with committing a burglary or receiving stolen property but a conspiracy to commit each of those crimes. The indictment, in our opinion, is sufficient for each of the defendants, in the event of trial, to plead double jeopardy in the event they are subsequently charged with conspiracy with the same persons to commit burglary or to receive stolen property. We believe that these counts are so plainly drawn that the nature of the offenses charged will be easily understood by the jury as well as by the accused. This measures up to the requirements of both the statute and the constitution, and for that reason the decision of the trial court is reversed and the cause is remanded, with directions to overrule the motion to quash and for further proceedings pursuant to law.

*Reversed and remanded, with directions.*