(No. 36730.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* WILLIAM PEPPAS *et al.,* Defendants in Error.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

MYER H. GLADSTONE, of Chicago, for the defendants in error.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The People seek review of a judgment of the criminal court of Cook County quashing an indictment charging defendants, William Peppas, John Allekian and Stanford R. E. Levitt, with conspiracy to commit larceny. The writ of error was originally sued out from the Appellate Court, but was thereafter transferred, on the People's motion, to this court, since the motion to quash raised constitutional questions.

Defendants were indicted for conspiracy by the grand jury of Cook County on July 18, 1960. Thereafter defendants moved to quash the indictment alleging, *inter alia,* that the indictment violates the Illinois and United States constitutions in that it is so vague that the defendants cannot know the nature and cause of the accusation made against them.

The indictment charges that defendants "on the eighth day of January in the year of our Lord one thousand nine

hundred and sixty in said County of Cook, in the State of Illinois aforesaid, unlawfully and wilfully conspired, combined, confederated and agreed together with each other and with divers other persons whose names are unknown to said Grand Jurors, with the fraudulent and malicious intent in said State unlawfully, feloniously, wrongfully and wickedly to steal, take and carry away from the heirs of Sylvester Souci one United States Treasury note of the value of five thousand dollars lawful money of the United States of America, the personal goods and property of said heirs of said Sylvester Souci; contrary to the statute, and against the peace and dignity of the same People of the State of Illinois."

The People argue that the indictment sufficiently charges the crime of conspiracy, and is specific enough to apprise the defendants of the nature of the crime and protect them from double jeopardy.

Defendants, however, contend that the trial court was correct in quashing the indictment on the ground that "heirs of Sylvester Souci" is so vague and indefinite as to make the indictment insufficient.

The Illinois constitution of 1870 provides in section 9 of article II: "In all criminal prosecutions, the accused shall have the right  *  *  *  to demand the nature and cause of the accusation and to have a copy thereof,  *  *  *." Section 10 of article II provides: "No person shall  *  *  *  be twice put in double jeopardy for the same offense."

The statutory requirements pertaining to the sufficiency of indictments reads as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." Ill. Rev. Stat. 1959, chap. 38, par. 716.

The test established by both the constitution and the

statutes of Illinois for the sufficiency of an indictment was clearly set forth in *People* v. *Beeftink*, 21 Ill.2d 282, where we stated the issue at page 287: "Do the counts of the indictment in question designate the offense of conspiracy charged against each of the defendants with sufficient specificity as to enable such defendants to prepare their defense and to plead any judgment in bar of a subsequent prosecution for the same offense? If they do not, the counts are bad and the motion to quash was properly allowed."

We think that the indictment states the offense of conspiracy in the terms and language of the statute creating that offense, (Ill. Rev. Sat. 1959, chap. 38, par. 139) and that the nature of the conspiracy may be easily understood by the jury.

Defendants contend, however, that the ownership of the subject of the intended larceny is insufficiently described. They point out that it does not appear that Souci is dead, and a living person has no heirs; that his heirs are not named nor determined, and that title to the personal property of a decedent passes to his personal representative rather than to his heirs. With these propositions there can be no dispute. We may also assume, without deciding, that similar allegations of ownership in an indictment for larceny would be insufficient. (Cf. *People* v. *Smith*, 341 Ill. 649.) This assumption, however, is not dispositive of this indictment for conspiracy to commit a felony. It is well settled that in an indictment for conspiracy to commit a felony it is sufficient to designate the felony intended to be committed by such description as will apprise the defendants of the exact charge upon which they will be tried. It is not required that the felony be described with the same accuracy as would be required in an indictment for the felony itself. *People* v. *Beeftink*, 21 Ill.2d 282, 290; *People* v. *Lloyd*, 304 Ill. 23, 43; *People* v. *Warfield*, 261 Ill. 293.

The indictment charges, in clear and understandable language, that defendants, on January 8, 1960, conspired,

unlawfully and feloniously, to steal a United States Treasury note of the value of $5,000, which was the property of others. While the actual owners of the $5,000 are not accurately alleged, the indictment is actually more informative than the charge in *People* v. *Beeftink,* 21 Ill.2d 282, which alleged a conspiracy to commit the felony of burglary. That charge was deemed sufficient, although it failed to identify either the owners of the buildings, or the owner of the personal property to be burglarized.

As we previously stated, the indictment must be sufficient to enable the defendants to prepare their defense, and to plead any judgment in bar of a subsequent prosecution for the same offense. While we will not hesitate to strike down an indictment which fails to meet these requirements, the ends of justice and the protection of the rights of an accused do not necessitate unrealistic exactitude. The gist of the crime of conspiracy is the unlawful agreement to accomplish an unlawful purpose. It is, therefore, unnecessary to allege the means by which the act or object of the conspiracy is to be accomplished. *People* v. *Beeftink,* 21 Ill.2d 282; *People* v. *Braun,* 375 Ill. 284; *People* v. *Blumenberg,* 271 Ill. 180.

We are of the opinion that a fair reading of the indictment in the case at bar fulfills the constitutional and statutory requirements previously discussed. The unlawful agreement is alleged together with the object of that conspiracy, the felony of larceny. We, therefore, hold that the present indictment is sufficient.

The judgment of the criminal court of Cook County is accordingly reversed and the cause remanded with directions to overrule the motion to quash the indictment.

*Reversed and remanded, with directions.*