(No. 14550.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWIN E. GRAVES *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1922—Rehearing denied October 5, 1922.*

CRIMINAL LAW—*Parole act applies to crime of conspiracy.* The amendment of June 28, 1919, to section 46 of the Criminal Code, (Laws of 1919, p. 427,) brings the crime of conspiracy within the provisions of the Parole act, notwithstanding another amendment of the same section, approved June 30, 1919, using the same language as to the penalty for the crime as the statute contained before the amendment which brought it within the Parole act. (*People* v. *Lloyd, post,* p. 23, followed.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. THOMAS TAYLOR, JR., Judge, presiding.

DARROW, SISSMAN, HOLLY & CARLIN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWIN J. RABER, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error, Edwin E. Graves and Roy F. Hull, were charged in the criminal court of Cook county by an indictment containing eight counts with conspiracy to injure and destroy buildings of persons, firms and corporations engaged in business, by exploding and causing to be exploded dynamite and other explosives and to injure and destroy the business of such persons, firms and corporations and to inflict bodily injury on the employees of such persons, firms and corporations. In some of the

counts of the indictment they were charged, in general terms, with conspiracy to injure and destroy such buildings, and in others they were charged with conspiracy to injure and destroy certain buildings used and occupied by various persons, firms and corporations engaged in the manufacture of furniture, by exploding and causing to be exploded dynamite at and near such buildings, and also to compel, by threats and intimidation, persons employed by such persons, firms and corporations to quit their work and employment under penalty of great bodily injury. In some counts they were charged with conspiring to inflict great bodily injury on various named persons. There was a verdict as to each defendant, finding him guilty as charged in the indictment and fixing his punishment at imprisonment in the penitentiary and a fine of $2000. A motion in arrest of judgment was made by each defendant on the ground that the period of imprisonment had not been fixed by the jury. The motion was overruled and the defendants were sentenced to imprisonment for a period not exceeding the maximum term fixed by the statute. They sued out a writ of error from the Appellate Court for the First District and that court affirmed the judgment. A further writ of error has brought the record to this court for review.

The only question presented for decision arose under the motion in arrest of judgment. That question is whether the law fixed no minimum term of imprisonment so that the jury were bound to fix the term, or whether the minimum term was one year, bringing the imprisonment within the terms of the Parole act. By that act the legislature adopted the principle and policy of indeterminate sentences not exceeding the maximum term prescribed by the statute for the particular crime, but it was only applicable to crimes where the minimum term was not less than one year. Under the Parole act there remained many crimes denounced by the Criminal Code where no minimum term of imprisonment was fixed, and such crimes did not come within the

terms of the act. This was decided as to the crime of con-
spiracy on June 18, 1919, in the case of *People* v. *Moses,*
288 Ill. 281. There was then pending in the legislature an
act known as House Bill No. 621, and the act was passed
and was approved on June 28, 1919. The act was a prac-
tical review of the Criminal Code and amended twenty-one
sections in which no minimum term of imprisonment was
fixed, bringing them all within the Parole act by fixing a
minimum term of one year. (Laws of 1919, p. 427.) The
act included section 46, which had prescribed the punish-
ment for conspiracy at imprisonment in the penitentiary
not exceeding five years or a fine not exceeding $2000, or
both, but fixing no minimum term of imprisonment. It is
beyond question that the intention of the legislature was
to bring all the crimes mentioned in the twenty-one sections
within the Parole law as a settled and established policy.
Disregarding that intention, Senate Bill No. 573 was passed
at the same session of the legislature and approved on
June 30, 1919, amending section 46 but using the same
language concerning punishment as the section contained
before the amendment. The acts are inconsistent, so that
both cannot be given effect, but it is clear that the only pur-
pose of Senate Bill No. 573 was to exempt farmers, fruit
growers and other like classes from punishment by provid-
ing that their arrangements should not be construed as in-
jurious to the public trade. The question of the construc-
tion of the two acts and the legislative intent has been
considered in the case of *People* v. *Lloyd,* (*post,* p. 23,)
where it has been held on the clearest grounds that the legis-
lative intent was to bring section 46 under the Parole act.
We are satisfied with the reasons there given for upholding
and enforcing the manifest intention of the legislature, and
the judgment in this case being in accordance with the law,
the court did not err in overruling the motion in arrest.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*