(No. 20754.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AARON MOSHIEK *et al.* Plaintiffs in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

LOUIS GREENBERG, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Aaron Moshiek and Morris Bogolowski (herein referred to as defendants) were found guilty of conspiracy by a jury in the criminal court of Cook county, the verdict also

fixing their punishment "at imprisonment in the penitentiary." A motion in arrest of judgment was denied and judgment was entered on the verdict. This judgment was affirmed by the Appellate Court for the First District, and the case comes here for review by writ of error.

The defendants insist that the indictment did not charge them with conspiracy but did charge them with forgery, and that therefore the indictment was not legally sufficient to sustain their conviction for the crime of conspiracy. The case of *Hoyt* v. *People,* 140 Ill. 588, is relied upon in support of this contention, where it was held that a conspiracy and the completed act merged. In the *Hoyt case* the indictment was entirely different from the indictment in the present case. There the indictment charged that the parties agreed to burn an elevator and in pursuance of that agreement did burn it. This court there held that "the conspiracy to burn is merged in the consummated act of burning, and so the offense charged is that of arson, only, and not the independent offenses of a conspiracy to commit arson, and arson." In the present case the indictment does not charge the defendants with the crime of forgery but only charges them with conspiring together to forge a check, and it does not appear from the language in the indictment that they did forge the check described. The wording of the indictment in the present case charges the defendants with a fraudulent and malicious conspiracy and confederation, with persons unknown, to falsely make, forge and counterfeit a certain check with a fraudulent and malicious intent to unlawfully obtain $925 from a bank. The setting out of the check in full in the indictment did not change the charge from conspiracy to forgery but only served to inform the defendants of the exact nature of the offense on which the charge of conspiracy was founded. The allegations of the indictment were that the crime charged was a conspiracy to forge and not that the check in question was forged by the defendants. The defendants

were not relieved from punishment for the conspiracy by the fact that they may or may not have committed the additional crime of forgery. *People* v. *Robertson,* 284 Ill. 620.

It is further argued by the defendants that the words "fraudulently" and "defraud," used in the indictment, are not synonymous, and that a necessary allegation in an indictment cannot be supported by an inference or implication. There is no need for any inference or implication in the present indictment. It clearly charged the defendants with conspiracy to forge a check with intent to fraudulently get some money from a bank. This charge is in plain and unambiguous language and needs no definitions or inferences to sustain it.

The defendants also claim that the jury should have fixed a definite term of imprisonment in its verdict, and that the punishment provided for the crime of conspiracy is contained in two repugnant amendments to section 46 of division 1 of the Criminal Code, (Smith's Stat. 1929, p. 981,) both of which became effective on July 1, 1919. This same question was raised and decided by this court in *People* v. *Graves,* 304 Ill. 20, and *People* v. *Lloyd,* id. 23, where it was held that the legislature intended that all imprisonment in the penitentiary, except as otherwise specified, should be indeterminate and that conspiracy was no exception to this rule. These cases are not in conflict with the case cited by the defendants (*People* v. *Illinois Central Railroad Co.* 337 Ill. 276,) but rather in accord with it, because in the *Illinois Central case* this court specifically held that statutes enacted at the same session of the legislature should receive a construction, if possible, which would give effect to each. This was the principle adopted in both the *Lloyd* and *Graves cases, supra.*

Finding no reversible error the judgment is affirmed.

*Judgment affirmed.*