People of the State of Illinois, Plaintiff-Appellee, v. Richard L. Brouilette, Defendant-Appellant.

Gen. No. 52,304.

First District, Third Division.

February 15, 1968.

Allan A. Ackerman, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial the defendant was found guilty of conspiracy to commit theft and sentenced to serve five years on probation, the first six months thereof to be served in the County Jail. He appealed to the Supreme Court of Illinois and the cause was subsequently transferred to this court. The order of transfer noted defendant's contentions as follows: that the indictment was insufficient to charge the crime of conspiracy, largely on the ground that the overt acts charged in the indictment constituted crimes in themselves; that defendant cannot be convicted of conspiracy to commit a crime and of the commission of the crime itself; and that the evidence was insufficient to establish his guilt. The Supreme Court concluded that the case did not present a substantial constitutional question. The facts follow.

On February 26, 1965, the Grand Jury returned a nine-count indictment against Brouilette and one Edward Kuhn. Count I charged that Brouilette and Kuhn committed the offense of conspiracy in that each agreed with the other to commit offenses of theft and that in furtherance of such conspiracy they performed eight specific overt acts. The recital in Count I with respect to each one of the eight overt acts sets forth that the defendants obtained and exerted unauthorized control over automobiles belonging to other persons. The remaining eight counts of the indictment charged them with the theft of each of the eight automobiles referred to in Count I.

At the trial it was stipulated that the witnesses for the State would testify that Brouilette and Kuhn went by plane to Selma, Alabama, purchased eleven sets of Alabama license plates and registration cards and returned to Chicago; that in Chicago they obtained possession of eight automobiles belonging to eight other persons; that they sold three of them; that they unsuccessfully

170

attempted to sell two others; that they returned one to its owner, gave one away and had possession of another when arrested. Kuhn pleaded guilty to the conspiracy charge. The court then heard the case against Brouilette. On the basis of the stipulated evidence and the testimony of the law enforcement officers, the court found the defendant guilty of conspiracy as charged in Count I of the indictment. The State then moved for a nolle prosequi as to both defendants on the remaining eight counts. The court allowed the motion and proceeded to consider and pronounce sentence under Count I. That count does not allege that the value of the stolen property exceeded $150 and the court sentenced the defendant to five years probation, the first six months thereof to be served in the County Jail.

We proceed to consider the contention that the indictment did not allege a crime in that it failed to state the value of the property. Defendant contends that it was impossible for him to tell whether he was being charged with conspiracy for the theft of property valued at over $150, for which he could be sentenced to serve a term not to exceed five years in the penitentiary, Ill Rev Stats, c 38, § 8–2 (1965), or with conspiracy for the theft of property valued at less than $150, for which he could be fined and placed in the County Jail for not more than one year.

■■■ An indictment is deemed sufficient when it states the offense in the terms and language of the statute creating the offense and when the offense as charged is sufficiently definite to enable the defendant to prepare his defenses and to plead any judgment in bar of a subsequent prosecution for the same offense. People v. Beeftink, 21 Ill2d 282, 171 NE2d 632; People v. Peters, 10 Ill2d 577, 141 NE2d 9; People v. Braun, 375 Ill 284, 31 NE2d 287. In an indictment for conspiracy to commit a felony, it is not required that the felony be described with the same accuracy as would be required in an in-

dictment for the felony itself. People v. Beeftink, supra, at 290; People v. Warfield, 261 Ill 293, 103 NE 979. In the instant case the indictment charges in the language of the statute that the defendant conspired to commit theft and did commit various overt acts in furtherance of the conspiracy. Count I of the indictment does not allege the dollar value of the property which Brouilette and Kuhn conspired to steal (the value was alleged in the eight counts of theft which were nolle prossed). Nonetheless, the allegation of value is not now essential to the sufficiency of the indictment. The Criminal Code of 1961 abolished the distinction between grand theft and petty larceny, and both are now included within the one offense of "theft." Ill Rev Stats, c 38, § 16–1 (1965).

All that is now required to support the charge of theft is that the indictment show that a thing of value was stolen, Ill Rev Stats, c 38, § 15–1 (1965); People v. Price, 81 Ill App2d 111, 225 NE2d 453; People v. Kelly, 66 Ill App2d 204, 214 NE2d 290. In Price the indictment charged that the value exceeded $100, but no evidence was offered to prove value. We held nevertheless that the crime had been established and that value was only relevant to the determination of punishment. In Kelly the court took judicial notice of the fact that a 1959 Chevrolet in drivable condition was a thing of value, that the taking of it constituted theft regardless of any allegation of value and that the particular value of the property relates only to the nature and extent of the penalty which may be imposed. It is clear beyond any doubt that in this case things of value were involved.

 We proceed to consider the contention that the alleged overt acts done in furtherance of the conspiracy are crimes in themselves and cannot constitute the necessary acts to support a charge of conspiracy. In other words, it is contended that a defendant cannot be convicted of conspiracy to commit a crime when the purpose of the conspiracy is accomplished and the crime itself

172

is committed. There is no basis for such contention. It has long been the law in Illinois that conspiracy is a separate offense and that it does not merge with the actual crime if that crime is committed. People v. Robertson, 284 Ill 620, 120 NE 539; People v. Moshiek, 346 Ill 154, 178 NE 337. The enactment of the Criminal Code of 1961 did not change this, but only provided that no person could be convicted of both the inchoate and the principal offense. Ill Rev Stats, c 38, § 8–5 (1965). The State did not and could not seek a conviction for the offense of theft after it had obtained a conviction on the conspiracy count. The contention as presented by the defendant is without merit.

█ Defendant also contends that the penalty imposed was in excess of the statutory maximum. The law provides that a person who has been found guilty of any offense, with certain exceptions not applicable here, may be admitted to probation and that the term of probation may be for any period not less than six months and not to exceed five years. Ill Rev Stats, c 38, § 117–1(a), (b) (1965). The sentence imposed by the court fell within these limits. We note further that the testimony of Detective Edward Savage as shown by the record but not abstracted by the defendant or the State fixes the value of the automobiles in question at $19,500. The hearing in aggravation and mitigation revealed that the defendant was serving probation imposed by a federal court for a similar offense.

The sentence was most certainly on the side of leniency and there was ample evidence to support it.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.