THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE LA KETA, Defendant-Appellant.

(No. 71-345;

Second District—April 6, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

William B. Petty, State's Attorney, of Mt. Carroll, (Edward N. Morris, of counsel,) for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant herein was indicted for attempt burglary and possession of burglary tools. He entered into a negotiated plea before the court as to attempt burglary and was sentenced to 1-4 years in the Illinois State Penitentiary. The count for possession of burglary tools was *nolle prossed.*

The sole issue in this appeal is the sufficiency of the indictment.

■■ The indictment charged that the defendant "committed the offense of attempt in that said defendant, with the intent to commit the offense of burglary, attempted to break ino Seng Food Mart by prying the back door of said place open \* \* \*." The defendant in this appeal alleges that the indictment for attempt burglary should contain allegations that he attempted to enter the building "without authority" and "with the intent to commit therein a felony or theft." It is of course, essential that these two elements appear in a burglary indictment. However, this is not a burglary indictment but is an indictment for attempt. In *People v. Williams* (1972), 52 Ill.2d 455, 288 N.E.2d 406, the defendant was indicted for attempt kidnapping. The defendant therein contended that the indictment did not allege that the confinement of the child was without the consent of its parents or guardian. As the court pointed out, the indictment was brought not for the crime of kidnapping but for the crime of attempt. The court stated at 409:

"\* \* \* in an indictment for attempt, the crime intended need

not set out as fully and specifically as would be required in an indictment for the actual commission of the crime. [Citations.]"

■■ In *People v. Beeftink* (1961), 21 Ill.2d 282, 171 N.E.2d 632, the charge in that case was conspiracy to commit a felony, to-wit: burglary. The indictment did not allege all the elements of the offense of burglary. In stating that the indictment used the language of the statute in charging the crime which defendants conspired to commit, the court said at pages 637-638:

"* * * The charge is not with committing a burglary or receiving stolen property but a conspiracy to commit each of those crimes. The indictment, in our opinion, is sufficient for each of the defendants, in the event of trial, to plead double jeopardy in the event they are subsequently charged with conspiracy with the same persons to commit burglary or to receive stolen property. We believe that these counts are so plainly drawn that the nature of the offenses charged will be easily understood by the jury as well as by the accused."

In this court's opinion the charge of conspiracy to commit a crime is analogous with a charge of attempt to commit a crime. It is not essential or necessary that all of the elements of the crime itself attempted be set forth. As the court stated in *People v. Brouilette* (1968), 92 Ill.App.2d 168, 236 N.E.2d 12 at 14:

"An indictment is deemed sufficient when it states the offense in the terms and language of the statute creating the offense and when the offense as charged is sufficiently definite to enable the defendant to prepare his defenses and to plead any judgment in bar of a subsequent prosecution for the same offense. [Citations.] * * * In an indictment for conspiracy to commit a felony, it is not required that the felony be described with the same accuracy as would be required in an indictment for the felony itself. [Citations.]"

That is the situation here. The defendant was fully advised by the indictment to which he plead guilty. He was indicted with the offense of attempt burglary and not with the offense of burglary. It was therefore not necessary to allege all of the essential elements required in a burglary indictment.

■■ The defendant was actually caught in the act of attempting to break into Sengs Food Market by prying the back door open. He not only plead guilty to the offense, he entered into a negotiated plea for a sentence of 1-4 years. In *People v. Jones*, 53 Ill.2d 460, we find that the State's Attorney amended the indictment charging armed robbery of one individual by inserting in lieu thereof the name of another individ-

ual. While this case dealt primarily with the question of amending an indictment, the court held that:

"The liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. [Citation.] The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals from the caprice of the public prosecutor. The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.'"

The very same principle applies here. The defendant was not surprised; he may not be placed in jeopardy again, and he was not prejudiced by the failure of the indictment for attempt burglary to include the additional element of "intent to commit a felony or larceny therein." We agree with the Supreme Court that the time has come when technicalities in indictments should not be used to circumvent a negotiated plea of guilty where there is no question of the guilt of the defendant.

The judgment of the trial court is affirmed.

Affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.