THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES ALLEN, Defendant-Appellant.

First District (2nd Division)   No. 1—87—3256

Opinion filed September 30, 1991.—Modified on denial of rehearing November 26, 1991.

738

Michael J. Pelletier and Anna Ahronheim, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and Joseph Brent, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

On July 3, 1985, defendant was convicted of the murder of Carl Gibson and sentenced to a term of natural life imprisonment. While defendant's conviction in that case was pending on appeal in this court, Detective Michael Pochordo, who had been in frequent contact with defendant in investigating the case, arranged to see defendant in the Stateville penitentiary, where he had been serving his sentence.

Pochordo testified as follows: After advising defendant of his *Miranda* rights, he informed him that he had certain information linking defendant to the murder of Robert Ciralski, which had occurred in August of 1984. Defendant acknowledged the *Miranda* warnings and responded that Pochordo's information was "basically correct," that he and one Griffin were involved in the Gibson "contract" murder, that Griffin shot Ciralski, and that the motive for the assassination was that the victim had cut back on quinine sales to drug dealers. Defendant also implicated two other men besides Griffin in the planning of the murder, but he told Pochordo that he would have to think over whether he would provide any more details because he was concerned about his own safety and that of his family.

A few days later, defendant phoned Pochordo and arranged for another meeting with him at the Stateville prison. Pochordo was accompanied to this meeting by Richard Bueke, an assistant State's

Attorney. In response to defendant's query, Bueke told him of the results of their investigation and their belief as to his involvement in the Ciralski killing.

Defendant agreed to talk to Bueke and Pochordo, and after he was given his *Miranda* warnings, he went into considerable incriminating detail, not only with respect to the Ciralski murder, but the Gibson case as well, again implicating others and himself in both crimes. After some protracted negotiations, defendant offered to cooperate in the prosecution of the Ciralski murder on condition that he be given immunity, but Bueke promised only to recommend a natural life sentence to run concurrently with the one he was given in the Gibson case, in exchange for his testimony before the grand jury and at trial. Defendant accepted the offer.

Defendant and his codefendant, Franklin Freeman, were tried separately for the Ciralski murder; however, prior to trial, defendant recanted his grand jury testimony. The oral statements defendant made to Bueke, Pochordo and other officials, and the transcript of his testimony before the grand jury, were used as evidence against him, all without objection on his part. In testifying in his own behalf, defendant denied that he was involved in the Ciralski murder, disavowed giving Pochordo any information at their first meeting in the Stateville penitentiary, insisted that he lied to Bueke at Pochordo's instigation, contended that the testimony that he gave before the grand jury was based on lies fed to him by Pochordo and Bueke, who had coached him, and maintained that he had no intention of pleading guilty to another natural life sentence.

The jury returned a verdict of guilty on three counts of murder, one count of conspiracy to commit murder, and another of armed robbery. Having found that the three counts of murder merged into one and that the armed robbery verdict also merged into the murder charge, the circuit judge imposed the mandatory natural life sentence for murder, to run concurrently with the one of 40 years for conspiracy, both sentences to run consecutive to a sentence of natural life which defendant was serving on the earlier murder conviction. Defendant appeals.

Defendant claims that he was denied the effective assistance of counsel when his trial attorney failed to move to suppress the statements obtained from him by the State while he was in jail after having been convicted of another offense, and while his appeal from that conviction was pending, in the absence of the attorney who was representing him in that appeal. Defendant relies upon a number of Illinois cases, among them, *People v. Bernasco* (1990), 138

Ill. 2d 349, and *People v. Hicks* (1989), 132 Ill. 2d 488. Defendant concedes that *McNeil v. Wisconsin* (1991), 501 U.S. ___, 115 L. Ed. 2d 158, 111 S. Ct. 2204, decided while the instant appeal was pending, denies him any relief under the United States Constitution. *McNeil* held that an accused's invocation of his sixth amendment right to counsel as to a charged offense does not serve as an assertion of his fifth amendment *Miranda* right to have counsel present during custodial interrogation on crimes with which he has not yet been charged.

■ Defendant contends, however, that "Illinois law is more protective of his right against self-incrimination than is the federal line of cases starting with the *Miranda* decision." We cannot agree. Instead, we choose to follow *McNeil*, for we discern no reasonable basis for holding that an accused's invocation, "[i]n [a] criminal prosecution[ ]," of his "right to appear and defend in person and by counsel" (Ill. Const. 1970, art. I, §8) metamorphoses as well into an unarticulated invocation of his right not to "be compelled in [another, but unrelated] criminal case to give evidence against himself." (Ill. Const. 1970, art. I, §10.) As in *Strickland v. Washington* (1984), 466 U.S. 668, 700, 80 L. Ed. 2d 674, 702, 104 S. Ct. 2052, 2071, "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Here there is a double failure."

■ Defendant further complains that he was also denied effective assistance of counsel when his attorney failed to object to testimony and the prosecutor's statements that he had committed previous crimes, including the State's eliciting from defendant that he was convicted of the Gibson murder and had earlier been convicted of the murder of a police officer. Defendant also argues that his counsel improperly allowed him to testify that he had committed intimidation over 10 years before, despite the fact that there was no record of his commission of such a crime in the presentence investigation report. Defendant maintains that these offenses were admitted into evidence merely to show his propensity to commit crime. Assuming, however, without deciding, that the trial court erred, we hold any such error to be harmless, considering the enormously damning evidence presented against him. *People v. Nevitt* (1990), 135 Ill. 2d 423, 448.

■ Defendant next argues that he was erroneously convicted of three counts of murder, even though his murder conviction arose from one act. However, as noted earlier, the record indefeasibly reflects that the three counts were merged into one, and that judg-

ment was entered only on the one count. We hold, therefore, that there was no error committed in merging the three counts. See *People v. Matthews* (1990), 205 Ill. App. 3d 371, 418.

■ The State agrees with defendant's final contention that he should not have been convicted of both conspiracy and murder. Conspiracy is the inchoate offense; murder is the principal one; and Illinois law does not permit the State to sentence a defendant for both. (*People v. Allen* (1989), 184 Ill. App. 3d 438, 453; Ill. Rev. Stat. 1985, ch. 38, par. 8—5.) The 40-year sentence for conspiracy was to run concurrent to the life term for murder. Defendant maintains that there should be a new sentencing hearing and that the three counts of murder which were merged into one should be vacated.

There is no indication in the record that the conspiracy conviction influenced that for murder. On the contrary, there were separate concurrent sentences imposed for the two counts, and because the record unmistakably reflects that the sentences were independent, there is no need for a new sentencing hearing. (*People v. Kite* (1990), 204 Ill. App. 3d 955, 960; *People v. Atkins* (1987) 161 Ill. App. 3d 600, 611-12.) Therefore, we vacate the conviction and sentence for conspiracy.

For all of the foregoing reasons, defendant's conviction and sentence for conspiracy are vacated and in all other respects the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN* and DiVITO, JJ., concur.

---

*Although Judge Hartman did not participate in the oral argument had in this case, he has read the briefs, and memoranda filed herein, audited the tape made at oral argument, and has otherwise participated in the decision-making process.