THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE HUNT, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1670

Opinion filed December 30, 1992.

Randolph N. Stone, Public Defender, of Chicago (Timothy J. Leeming, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Carol L. Gaines, and Joseph W. Colaianne, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendant, Terrance Hunt, was charged with two counts of murder. (Ill. Rev. Stat. 1985, ch. 38, par. 9—1.) Following a bench trial, he was convicted of involuntary manslaughter (Ill. Rev. Stat. 1985, ch. 38, par. 9—3) and sentenced to five years' imprisonment to be served concurrently with an unrelated murder charge. On appeal, defendant asserts that (1) his fifth amendment right to counsel attached when he accepted counsel on an unrelated crime; (2) his sixth amendment right to counsel attached when a complaint was sworn and an arrest warrant served; (3) he did not knowingly and intelligently waive his fifth amendment right to counsel after he invoked it for this crime; and (4) the police conduct violated his rights under the Illinois Constitution. We affirm.

On January 8, 1987, defendant argued and fought with Timothy Jenkins. As a result of the fight, Jenkins suffered head injuries for which he was hospitalized until September 3, 1987, when he died from his injuries.

Chicago police detective Byron Uppling testified that he was assigned to investigate the January 8, 1987, battery of Jenkins. Defendant was arrested on March 17, 1987, on an unrelated charge for which the Cook County public defender was appointed to represent him. Upon learning that defendant had been arrested for the unrelated offense, Uppling obtained a writ of *habeas corpus* and transferred defendant from the county jail to a courtroom. There, Uppling served defendant with a criminal complaint for a preliminary hearing and an arrest warrant for the Jenkins battery. Defendant was transferred to the Area Four police station for a lineup and an interview concerning the Jenkins battery.

Detective Uppling stated that he advised defendant of his *Miranda* rights at 1:45 p.m. on March 20, 1987. At that time, defendant stated that he did not want to make a statement. At about 3 p.m., defendant participated in a lineup. Afterwards, Uppling asked defendant if he was hungry and gave him some food. According to Uppling, defendant told him at that time that he wanted to tell his story. Defendant did not tell his story at that time.

Uppling contacted Assistant State's Attorney Robert Alvarado, who took a statement from defendant at 4:50 p.m. after advising him of his *Miranda* rights. Uppling was present when the statement was taken. Detective Uppling testified that defendant stated that he had been in a fight with Jenkins on the date in question.

Prior to trial, defendant moved to suppress his custodial statement. The trial court denied the motion, ruling that defendant's sixth amendment right to counsel did not attach when the complaint was filed and the arrest warrant issued regarding the Jenkins battery. The trial court also found that no fifth amendment violation occurred and that defendant's confession was knowingly and voluntarily made.

On appeal, defendant asserts that his inculpatory statement should have been suppressed because it was obtained following an illegal lineup by authorities who initiated interrogation after defendant refused to cooperate. He bases his argument on the fifth and sixth amendments of the United States Constitution.

■ Initially, defendant argues that his fifth amendment right to counsel attached on March 17, 1987, when he accepted legal representation by the Cook County public defender on an unrelated charge. In his reply brief, however, he concedes that under the recent United States Supreme Court opinion in *McNeil v. Wisconsin* (1991), 501 U.S. 171, 115 L. Ed. 2d 158, 111 S. Ct. 2204, the appointment of counsel at a judicial proceeding of an unrelated offense does not constitute a right to counsel under the fifth amendment. *McNeil* was decided while this appeal was pending. Subsequently, the Illinois Supreme Court followed *McNeil* in *People v. Crane* (1991), 145 Ill. 2d 520.

In *Crane*, the supreme court stated the following:

"The sixth amendment right to counsel is offense-specific. It cannot be invoked once for all future prosecutions, because the sixth amendment does not attach until the initiation of adversary judicial criminal proceedings. ***

Applying *McNeil* to the case at bar, even if defendant did request counsel in regard to the New Mexico offenses, this request would not relate to the questioning regarding the events surrounding the murder of Gahan. Defendant was being held in New Mexico on misdemeanor traffic offenses and as a fugitive from justice in Illinois because of a parole violation and an outstanding warrant. Defendant was informed that New Mexico does not appoint counsel on fugitive from justice charges. Additionally, while two offenses may be sufficiently similar that a sixth amendment right to counsel on one triggers a right to counsel on the other (*People v. Clankie* (1988), 124 Ill. 2d 456, 465), the New Mexico and Illinois offenses are not related for sixth amendment purposes. Defendant had not been charged with the murder of Gahan at the time of the questioning. Thus,

the initiation of adversary proceeding had not begun and the sixth amendment did not apply." *Crane*, 145 Ill. 2d at 531-32.

Defendant then asserts that it was illegal for the police to initiate further conversation with him once he refused to cooperate. He maintains that compelling him to appear in a lineup and then engaging him in a general conversation constituted the initiation of interrogation. Prior to the lineup, defendant had unequivocally declared his intent not to make a statement. He maintains that his subsequent statement was not made because he knowingly and intelligently waived his previously invoked rights, but because he was coerced with the inculpatory results of the illegal lineup.

■ The fifth amendment guarantees that "[n]o person *** shall be compelled in any criminal case to be a witness against himself." (U.S. Const., amend. V.) In *Miranda v. Arizona* (1966), 384 U.S. 436, 444, 16 L. Ed. 2d 694, 706-07, 86 S. Ct. 1602, 1612, the United States Supreme Court held that the fifth amendment provides that a suspect in custody must be informed that he has the right to remain silent and to have an attorney present before he is interrogated. The defendant may waive those rights provided the waiver is made voluntarily, knowingly, and intelligently. *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 707, 86 S. Ct. at 1612.

If the accused indicates in any manner at any time that he wants to remain silent, the interrogation must cease. (*Miranda*, 384 U.S. at 473-74, 16 L. Ed. 2d at 723, 86 S. Ct. at 1627-28.) Although the *Miranda* court held that the interrogation must cease until an attorney is present if the accused asks for an attorney (*Miranda*, 384 U.S. at 474, 16 L. Ed. 2d at 723, 86 S. Ct. at 1628), it did not state under what circumstances, if any, a resumption of questioning is permissible if the accused chooses to remain silent but does not ask for an attorney. *Michigan v. Mosley* (1975), 423 U.S. 96, 101, 46 L. Ed. 2d 313, 320, 96 S. Ct. 321, 325.

In *Michigan v. Mosley*, the United States Supreme Court held that a reasonable and faithful interpretation of *Miranda* is that the accused must be fully and effectively notified of his right to remain silent and assured that the exercise of that right will be scrupulously honored. (*Mosley*, 423 U.S. at 103, 46 L. Ed. 2d at 321, 96 S. Ct. at 326.) A suspect's statements made after he had earlier expressed a desire to remain silent are admissible if the police scrupulously honor the suspect's right to cut off questioning. (*Mosley*, 423 U.S. at 104, 46 L. Ed. 2d at 321, 96 S. Ct. at 326.) The police fail to honor a decision of a person in custody to cut off questioning by either refusing to discontinue the interrogation upon request or persisting in repeated efforts to wear down his

resistance and make him change his mind. *Mosley*, 423 U.S. at 105-06, 46 L. Ed. 2d at 322, 96 S. Ct. at 327.

In *Mosley* defendant was advised of his *Miranda* rights. Defendant stated he did not want to answer any questions about the robberies. The police promptly ceased interrogation. Two hours later another detective questioned defendant solely about an unrelated murder after advising him of his *Miranda* rights. Defendant then gave his statement. The court concluded that the police did not violate the defendant's rights because they immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time, provided another set of warnings, and restricted the second interrogation to an unrelated crime. *Mosley*, 423 U.S. at 106, 46 L. Ed. 2d at 322, 96 S. Ct. at 327.

In *People v. Foster* (1987), 119 Ill. 2d 69, 86-87, where the defendant was requestioned about the same crime, the Illinois Supreme Court applied *Mosley*. The court stated that being requestioned about the same crime does not necessarily mean that the defendant's rights under *Miranda* were violated. *Foster*, 119 Ill. 2d at 86.

In that case, the defendant, Foster, was taken from his lockup cell at 6:30 a.m. and questioned. Foster refused to answer any questions. At 9:30 a.m., defendant was brought to the interviewing room and was advised of his *Miranda* rights at which time he proceeded to give a statement confessing to the crime. The court held that the accused's right to remain silent was "scrupulously honored." *Foster*, 119 Ill. 2d at 86.

■ Some of the factors to be considered in determining admissibility of a statement made after an initial refusal to make one are whether there was a significant period of time between the defendant's exercise of his right to remain silent and the requestioning; whether the requestioning was preceded by *Miranda* warnings; whether a different officer conducted the second questioning (*People v. Reyes* (1989), 181 Ill. App. 3d 246, 255); and whether the person in custody volunteers information without any further interrogation. (*Mosley*, 423 U.S. at 102, 46 L. Ed. 2d at 320, 96 S. Ct. at 325-26.) Voluntariness is determined by consideration of the totality of the circumstances. *Reyes*, 181 Ill. App. 3d at 255.

There are a number of considerations in determining whether the police in this case scrupulously honored defendant's right to remain silent. On March 20, 1987, Officer Uppling served defendant's arrest warrant and writ of *habeas corpus* on the Cook County Department of Corrections. Defendant was taken to court, where he was served with the complaint and arrest warrant. He was then taken to the Area Four police station to appear in a lineup. At 1:45 p.m., Uppling gave defendant the *Miranda* warnings. When defendant told Uppling that he did not want to speak to him, Uppling ceased all interrogation.

At 3 p.m., defendant appeared in the lineup. Afterwards, Uppling asked defendant if he was hungry and gave him a soda and potato chips. According to Uppling, defendant then stated that he would like to tell his story. Uppling contacted Assistant State's Attorney Robert Alvarado and an oral statement was taken at 4:50 p.m. Uppling's testimony is the only evidence in the record about what occurred at the police station.

The evidence presented at trial shows that the police honored defendant's initial decision to remain silent. All questioning was discontinued when defendant indicated that he did not want to make a statement. The police did not persist in repeated efforts to wear him down. Asking defendant if he was hungry and then giving him food and drink does not amount to interrogation about a crime. The evidence shows that defendant voluntarily told Uppling that he wanted to make a statement.

■ That same evidence indicates that defendant waived his right to remain silent. A waiver may be either express or implied (*Miranda*, 384 U.S. at 475, 16 L. Ed. 2d at 724, 86 S. Ct. at 1628) and can be clearly inferred from the actions and words of the person interrogated. (*North Carolina v. Butler* (1979), 441 U.S. 369, 373, 60 L. Ed. 2d 286, 292, 99 S. Ct. 1755, 1757.) Waiver is determined on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. (*Butler*, 441 U.S. at 374-75, 60 L. Ed. 2d at 293, 99 S. Ct. at 1758.) In this case defendant waived his fifth amendment right when he told Uppling that he wanted to tell his story.

Defendant then asserts that his sixth amendment right to counsel attached prior to the lineup because the State had committed itself to prosecute him. Defendant contends that the filing of a complaint and issuing an arrest warrant against him began adversarial proceedings. Thus, defendant argues, any lineup conducted and any statements made after the filing of the complaint were improper.

■ A person's sixth amendment right to counsel attaches after adversarial judicial criminal proceedings have been initiated against him by way of a formal charge, preliminary hearing, indictment, information, or arraignment. (*Kirby v. Illinois* (1972), 406 U.S. 682, 689, 32 L. Ed. 2d 411, 417, 92 S. Ct. 1877, 1882; *People v. Hayes* (1990), 139 Ill. 2d 89, 123.) It ensures that the accused has counsel at critical preindictment proceedings where he is confronted by the procedural system, an expert adversary or both, and where the results of the confrontation might determine his fate and make the trial itself a mere formality. (*United States v. Ash* (1973), 413 U.S. 300, 309, 37 L. Ed. 2d 619, 626, 93 S. Ct. 2568, 2573; *Kirby*, 406 U.S. at 689, 32 L. Ed. 2d at 417-18, 92 S. Ct. at 1882.) Judicial criminal proceedings are initiated when the government

has committed itself to prosecute and the adverse positions of the government and defendant have solidified. *Kirby,* 406 U.S. at 689, 32 L. Ed. 2d at 418, 92 S. Ct. at 1882.

■■ The United States Supreme Court has not yet decided whether the sixth amendment right to counsel attaches automatically upon the filing of a criminal complaint. The Illinois Supreme Court has ruled that the court must consider the degree to which the State's prosecutorial forces have focused on the accused when determining whether an accused's sixth amendment right to counsel attaches upon the filing of a criminal complaint. *Hayes,* 139 Ill. 2d at 124.

In *Hayes,* a police officer swore to and filed an application for the issuance of an arrest warrant in the form of a complaint for preliminary examination charging the defendant with attempted armed robbery. (*Hayes,* 139 Ill. 2d at 122.) The State's Attorney's office reviewed the form of the application and approved the issuance of an arrest warrant. The police officer then presented the complaint to a circuit court judge, who issued a warrant for the defendant's arrest. The defendant was arrested and was immediately placed in a lineup, where he was identified as the person who committed the crime. (*Hayes,* 139 Ill. 2d at 122.) The court held that the prosecutor's involvement in the procurement of the warrant was not significant and did not signal a commitment by the State to prosecute the defendant. The prosecutor's review of a complaint was insufficient, by itself, to trigger defendant's sixth amendment right to counsel at a lineup. The court further held that the filing of a complaint and the issuance of an arrest warrant for one criminal charge do not indicate that the State was committed to prosecute the defendant for another unrelated murder charge not specified in that complaint. *Hayes,* 139 Ill. 2d at 125-26.

In *People v. Owens* (1984), 102 Ill. 2d 88, the supreme court stated that the filing of a simple complaint at the direction of the prosecutor may constitute the initiation of adversarial proceedings, but the filing of such a complaint by a police officer in order to get an arrest warrant does not necessarily have the same effect if there is no indication of prosecutorial involvement.

Defendant cites *People v. Curtis* (1985), 132 Ill. App. 3d 241, where this court ruled that the defendants' sixth amendment right to counsel attached upon the filing of a criminal complaint. The Illinois Supreme Court reversed the appellate court ruling on other grounds and stated that it did not address the lower court's views as to when the sixth amendment right to counsel attaches. *People v. Curtis* (1986), 113 Ill. 2d 136, 143.

■ This record does not indicate any prosecutorial involvement before defendant's March 20 statement. There was no evidence that any prosecutor prepared the complaint or the arrest warrant or had any involvement whatsoever. Furthermore, it was Officer Uppling who obtained the *habeas corpus* writ. Therefore, with no known prosecutorial involvement, defendant's sixth amendment right to counsel did not attach prior to his March 20 statement.

■ Finally, defendant asserts that Illinois law is more protective of his right against self-incrimination than the Federal Constitution. We disagree.

Section 8 of article I of the 1970 Illinois Constitution, entitled "Rights after Indictment," provides that "[i]n criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel." (Ill. Const. 1970, art. I, §8.) The legislature stated that this was a minor rephrasing of section 9 of article II of the 1870 Constitution and that it maintains the guarantees insuring that anyone accused of a crime has the right to a fair trial. 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2684.

We hold that the State was not committed to prosecute defendant when he was transferred from the jail to the courtroom, served with a complaint for a preliminary hearing, served with an arrest warrant for battery, and placed in a lineup in this case. Based upon the record, no adversary judicial criminal proceedings had been initiated before defendant's statement.

In *People v. Allen* (1991), 221 Ill. App. 3d 737, 740, this court rejected a similar argument and followed *McNeil*. The court found that there was no reasonable basis for holding that an accused's invocation in a criminal prosecution of his right to appear and defend in person and by counsel turns into an unarticulated invocation of his right not to be compelled in another, but unrelated criminal case to give evidence against himself. *Allen*, 221 Ill. App. 3d at 740.

Based on the foregoing, the circuit court judgment is affirmed.

Affirmed.

RIZZI and TULLY, JJ., concur.