THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALBERTO GOMEZ, JR., Defendant-Appellee.

Third District    No. 3—96—0523

Opinion filed January 7, 1997.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Edward A. Burmila, Jr. (argued), of Burmila & Thomas, P.C., of Joliet, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Alberto Gomez, Jr., was charged with two counts of first degree murder (720 ILCS 5/9—1(a)(2) (West 1994)) and conspiracy to commit first degree murder (720 ILCS 5/8—2(a), 9—1(a)(2) (West 1994)). A jury found the defendant guilty of conspiracy, but was unable to reach a verdict on the first degree murder charges. The trial court declared a mistrial as to those charges. The State requested a sentencing hearing, and the defendant was subsequently sentenced to a term of 14 years in the Department of Corrections for conspiracy to commit first degree murder. Following the sentencing hearing, the trial court granted the defendant's motion to dismiss the first degree murder charges based upon section 8—5 of the Criminal Code of 1961 (Code) (720 ILCS 5/8—5 (West 1994)). The State appeals the trial court's order.

On appeal, the State claims the trial court erred when it dismissed the murder charges against the defendant after he was sentenced for conspiracy to commit first degree murder. Following our review of the record and applicable law, we disagree with the State's contention and affirm the trial court's order.

## FACTS

On September 11, 1995, Edward Hare and Paul Fogle were shot to death. The defendant, Norman Campbell and Willie Delira were charged with committing the murders. Because Campbell actually

fired the fatal shots, the first degree murder charges against the defendant were based upon an accountability theory. The defendant was also charged with conspiracy to commit first degree murder.

The defendant's jury trial began on March 11, 1996. On March 22, 1996, the jury found the defendant guilty of conspiracy to commit first degree murder. However, the jury was unable to reach a verdict on the first degree murder charges, and the trial court declared a mistrial. At that point, the State requested a sentencing hearing.

At sentencing, the trial court denied the defendant's post-trial motion and sentenced him to a term of 14 years' imprisonment for conspiracy. The defendant's counsel informed the trial court that an appeal would not be taken from the conspiracy conviction. The trial court then admonished the defendant that a notice of appeal had to be filed within 30 days.

Subsequently, the defendant filed a motion to dismiss the murder charges pending against him. The defendant claimed a retrial was barred by section 8—5 of the Code (720 ILCS 5/8—5 (West 1994)). Several days later, the State filed a motion to enter a *nolle prosequi* of the murder charges against the defendant.

A hearing was held on both pending motions. The prosecutor told the court that the State did not intend to retry the defendant on the murder charges because the sentence imposed for conspiracy was "appropriate under the circumstances." However, the prosecutor stated that he wanted to preserve his right to retry the defendant for murder in the event the conspiracy conviction was vacated. In response, the defendant's counsel argued that the State could not proceed on the murder charges because the conspiracy conviction became final after the sentence was imposed. The defendant's counsel contended that retrial was precluded by section 8—5 of the Code.

Following the hearing, the trial court granted the defendant's motion to dismiss the first degree murder charges. The court concluded that the statute in question required the dismissal of the murder charges because the State had elected to proceed with sentencing on the conspiracy conviction. The State filed a timely notice of appeal.

## ISSUE PRESENTED

The State claims the trial court erred when it granted the defendant's motion to dismiss. The State argues that section 8—5 of the Code does not bar the State from retrying the defendant for murder. The State also asserts that the trial court should have granted its motion to enter a *nolle prosequi* of the murder charges. Based upon the unique procedural history of this case, we disagree with the State's arguments.

## ANALYSIS

■ Section 8—5 of the Code states, "No person shall be convicted of both the inchoate and the principal offense." 720 ILCS 5/8—5 (West 1994). Conspiracy is an inchoate offense. *People v. Allen*, 221 Ill. App. 3d 737, 741, 583 N.E.2d 7, 9 (1991). Section 8—5 was effective in 1962 and was intended to limit conviction and punishment to either the inchoate or the principal offense, where the principal offense was accomplished. 720 ILCS Ann. 5/8—5, Committee Comments—1961, at 519 (Smith-Hurd 1993). The provision was a change in Illinois law as to conspiracy because "it was possible previously to convict both of conspiracy and of the principal offense which was the object of the conspiracy." 720 ILCS Ann. 5/8—5, Committee Comments—1961, at 520 (Smith-Hurd 1993). Accordingly, after section 8—5 became effective, a defendant could *not* be convicted of both murder and the inchoate offense of conspiracy to commit murder. See *People v. St. Pierre*, 146 Ill. 2d 494, 519, 588 N.E.2d 1159, 1171 (1992).

The comments to section 8—5 also state:

> "By virtue of the definition of 'conviction,' this means that prosecution may be had for both offenses in the same trial (by separate counts) or separately. But after proceeding finally to verdict of guilty on one or both, *the judgment of conviction and sentence shall be entered on only one offense.*" (Emphasis added.) 720 ILCS Ann. 5/8—5, Committee Comments—1961, at 520 (Smith-Hurd 1993).

The Committee Comments make it clear that a judgment of conviction and sentence may be entered on either the inchoate *or* the principal offense, but not both. See *Allen*, 221 Ill. App. 3d at 741, 583 N.E.2d at 9 (Illinois law does not permit the State to sentence a defendant for both the inchoate and the principal offense).

Under section 8—5, once a final "judgment of conviction and sentence" is entered on either the inchoate or the principal offense, no judgment of conviction and sentence may be entered on the other offense. See *People v. Levan*, 285 Ill. App. 3d 347, 350 (1996) (this court reversed defendant's theft conviction because the defendant "could not be convicted in Illinois for the principal offense" where he was convicted of the inchoate form of the offense in Arizona); *People v. Brouilette*, 92 Ill. App. 2d 168, 173, 236 N.E.2d 12, 14 (1968) (the State *could not* seek a conviction for the principal offense "after it had obtained a conviction on the conspiracy count"). We note that a "judgment is considered final in a criminal case only after a defendant has been convicted *and sentenced.*" (Emphasis added.) *People v. Woolsey*, 139 Ill. 2d 157, 161, 564 N.E.2d 764, 765 (1990).

236

■ Here, in the instant case, following trial, the State requested a sentencing hearing on the conspiracy conviction. *Cf. People ex rel. Daley v. Crilly*, 108 Ill. 2d 301, 305, 483 N.E.2d 1236, 1237 (1985) (under factually similar circumstances, the State "moved for a retrial of the murder charge and requested that sentencing on the conspiracy conviction be deferred until after the defendant had been retried for murder"). Because the State elected to proceed to sentencing in this case, the trial court sentenced the defendant to a term of 14 years in the Department of Corrections. The record is clear that the defendant did not file a notice of appeal. Moreover, at oral argument, the defendant's attorney confirmed that no notice of appeal was filed or would be filed.

Under these circumstances, the conspiracy judgment is final because the defendant has been convicted *and* sentenced. As a consequence, the statutory provisions of section 8—5 are determinative of the issue on appeal. Accordingly, we find that the trial court properly granted the defendant's motion to dismiss the first degree murder charges because the defendant had a final judgment and conviction entered on the inchoate offense of conspiracy. Thus, no judgment of conviction or sentence could be entered on the principal offense of first degree murder.

For the reasons stated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOMER and SLATER, JJ., concur.